**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50079 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02294-LAB |
| v. | |
| ALEX MAZARIEGO-GOMEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Alex Mazariego-Gomez appeals from the district court's judgment and challenges the 30-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mazariego-Gomez contends that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior conviction under California Penal Code § 211 is not a crime of violence. This claim is foreclosed. *See United States v. Becerril-Lopez*, 541 F.3d 881, 893 & n.10 (9th Cir. 2008) (a conviction for robbery under California Penal Code § 211 is a categorical crime of violence). Contrary to Mazariego-Gomez's assertion, *Descamps v. United States*, 133 S. Ct. 2276 (2013), which concerns the modified categorical approach, does not allow us to disregard *Becerril-Lopez*. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

Because the district court properly applied a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), we need not reach Mazariego-Gomez's contention that his prior conviction is not an aggravated felony for purposes of an 8-level enhancement under § 2L1.2(b)(1)(C).

**AFFIRMED.**

15-50079